**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Bashir A. O., | Case No. 26-cv-2426 (JRT/DLM) |
| Petitioner, | |
| v. | **REPORT AND** |
| | **RECOMMENDATION** |
| Todd Blanche, *Acting U.S. Attorney General*; Markwayne Mullin, *U.S. Department of Homeland Security*; Todd M. Lyons, *U.S. Immigration & Customs Enforcement, Acting Director*; Marcos Charles, *Enforcement and Removal Operations, Acting Executive Associate Director*; Ryan Shea, *Sheriff, Freeborn County Jail*, | |
| Respondents. | |

This matter is before the Court on Petitioner Bashir A. O.'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1.) Bashir A. O. alleges that his immigration detention violates federal law and regulations as well as the Fifth Amendment's Due Process Clause. He seeks declaratory relief and his immediate release. Respondents object. (Doc. 5.) Respondents contend that they followed all applicable regulations when detaining Petitioner such that his detention is lawful. Respondents also argue that Petitioner's detention is lawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because Bashir A. O.'s removal is likely in the reasonably foreseeable future. Bashir A. O.'s Petition now comes before the Court for review under Rule 4 of the Rules Governing Section 2254 Cases in

1

the United States District Court.[1] The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons explained below, the Court recommends that Bashir A. O.'s Petition for Writ of Habeas Corpus (Doc. 1) be granted.

## BACKGROUND

Petitioner Bashir A. O. is a citizen of Somalia. (Doc. 1 ¶ 3; Doc. 6 ¶ 4.) On May 30, 2004, Bashir A. O. presented himself for inspection at the San Ysidro, California, Port of Entry, claiming fear of return to his home country. (Doc. 6 ¶ 4.) At that time, Customs and Border Protection ("CBP") issued an Expedited Removal, Form I-860, with a credible fear referral. (*Id*.) On June 9, 2004, Bashir A. O. was issued a Notice to Appear, Form I-862, which charged him as inadmissible under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) and 212(a)(7)(A)(I). (Doc. 6 ¶ 5; *see generally* Doc. 6-1.) On June 16, 2004, an immigration judge ordered Bashir A. O. removed, granting withholding of removal. (Doc. 6 ¶ 6; *see generally* Doc. 6-2.) On March 8, 2005, Bashir A. O. was released from ICE custody on an Order of Supervision. (Doc. 6 ¶ 7; *see generally* Doc. 6-3.) For twenty-odd years since, Bashir A. O. has complied with all requirements of his supervised release. (Doc. 1 ¶¶ 6, 51) In those years, he also applied for and was granted work authorization. (*Id*. ¶ 51.)

On December 7, 2025, Bashir A. O. was detained by ICE outside his home in Rochester, Minnesota, and transported to the Bishop Henry Whipple building. (Doc. 1 ¶ 7;

---

[1]Although Bashir A. O.'s Petition is not filed under 28 U.S.C. § 2254, the Court may apply the rules governing that section per Rule 1(b).

Doc. 6-5 at 2.) ICE had a warrant for Petitioner's arrest. (*See* Doc. 6-4.) However, ICE provided no Notice of Revocation to Bashir A. O. upon his re-detention. (Doc. 1 ¶ 11.) Bashir A. O. has remained in custody—currently in the Freeborn County Jail—since December 7, 2025. (Doc. 1 ¶ 9; Doc. 6 ¶¶ 8, 9.) Bashir A. O. has still received no Notice explaining the reasons for the revocation of his supervised release. (Doc. 1 ¶ 11.) Bashir A. O. has also not received a notice of Custody Determination. (*Id*. ¶ 12.) The government is working with Enforcement and Removal Operations ("ERO") Headquarters to remove Bashir A. O. from the United States to a third country (Doc. 6 ¶ 9), but has identified no country willing to accept Petitioner, and has obtained no travel document for Petitioner. (Doc. 1 ¶ 15.)

### 8 U.S.C. § 1231

The statutory framework codified at 8 U.S.C. § 1231 provides that the Attorney General shall remove a person present unlawfully in the United States "within a period of 90 days" after a final order of removal. 8 U.S.C. § 1231(a)(1)(A). When the government fails to remove someone within that 90-day window, any enduring detention may be unlawful unless there is a significant likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 700-01 (2001). A period of detention for more than six months in these circumstances is presumptively unreasonable. *Id*.

### 8 C.F.R. § 241.13(i)

The implementing regulations at 8 C.F.R. § 241.13 set out the requirements the government must follow to revoke the release of a noncitizen subject to an order of supervision. It provides that release may be revoked where the noncitizen violates the

conditions of his release. 8 C.F.R. § 241.13(i)(1). In those cases, the noncitizen "may be continued in detention for an additional six months in order to effect the [noncitizen]'s removal, if possible, and to effect the conditions under which the [noncitizen] had been released." *Id*. Revocation and return to custody may also occur, "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id*. § 241.13(i)(2). In those cases, the noncitizen must be notified of the reasons for the Service's decision "upon revocation." *Id*. § 241.13(i)(3). Additionally, "promptly" after the noncitizen returns to custody upon revocation, immigration officials must conduct an interview to afford the noncitizen "an opportunity to respond to the reasons for revocation stated in the notification." *Id*. At that point, the noncitizen may submit evidence to show that there is no significant likelihood of removal in the reasonably foreseeable future or that he has not violated the terms of release. *Id*. The subsequent revocation custody review must include an evaluation of contested facts and a "determination whether the facts as determined warrant revocation and further denial of release." *Id*.

### *Bashir A. O.'s Petition Challenging Detention*

Petitioner challenges his detention on the grounds that Respondents failed to follow their own procedure codified at 8 C.F.R. § 241.13(i)(2)-(3) when they detained him without a Notice of Revocation. Because they failed to follow applicable regulations when detaining him, says Petitioner, Respondents violated the Immigration and Nationality Act ("INA"), the Due Process clause of the Fifth Amendment, and the Administrative Procedure Act ("APA"). (*See generally* Doc. 1.)

4

Respondents allege that they have complied with all procedural requirements of the INA, and argue that release is not the proper remedy for procedural violations anyhow. (Doc. 5 at 2, 3.) Respondents also argue that Bashir A. O.'s detention is lawful under *Zadvydas* because they are working to obtain travel documents from an unidentified third country, such that Petitioner's removal is likely in the reasonably foreseeable future. (*Id*. at 7.)

### ANALYSIS

The writ of habeas corpus is a procedure available to prisoners to create government accountability for unlawful detention. *See Peyton v. Rowe*, 391 U.S. 54, 58 (1968); *Ex parte McCardle*, 73 U.S. (6 Wall.) 318, 325-26 (1867). The right to habeas relief extends to "persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Demore v. Kim*, 538 U.S. 510, 517 (2003) and *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). Federal courts have the authority to order the release of "detained noncitizens when ICE fails to follow its own regulations." *Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 779 (8th Cir. 2025).

The government's authority to re-detain noncitizens on supervised release is not without limit. It is bounded by the Due Process rights to which all are entitled under the Constitution, and by the government's own regulations codified at 8 C.F.R. § 241.13. These regulations are not advisory. They require the government to act in accordance with their substance and procedure. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). In this case, the record reflects that Respondents failed to follow their own

regulations under § 241.13(i) and so violated federal law and Bashir A. O.'s Due Process rights. Accordingly, the Court recommends that Bashir A. O.'s Petition be granted.

At the outset, the Court observes that 8 C.F.R. § 241.13 is relevant to Bashir A. O. but *Zadvydas* is not. Courts across the country, including those in this District, differentiate Petitioners released on supervision where a final removal order determination has already been made, from *Zadvydas* Petitioners who are detained continuously from the time of their final order for removal. *Vang v. Bondi*. 26-cv-1381 (JMG/DLM), 2026 WL 458195, at *4 (D. Minn. Feb. 18, 2026) ("But *Zadvydas* does not apply to noncitizens subject to an order of supervision, where there has already been a determination that a noncitizen is not likely to be removed.").[2] Bashir A. O. is a noncitizen who was released from immigration detention on supervised release and now, decades later, faces revocation of that release. This is squarely within the ambit of § 241.13(i). *See Levkovich v. Trump*, 26-cv-938 (SHL/DLM) (D. Minn. Feb. 8, 2026) ("Petitioner was released more than twenty years ago in exactly the manner contemplated by 8 U.S.C. § 1231(a) and 8 C.F.R. § 241.13(h). There was a final order of removal against him, but his native country would not allow him to be returned."). And so, the Court finds 8 C.F.R. § 241.13—not *Zadvydas*—to be the proper

---

[2] *See also Nguyen v. Hyde*, 788 F. Supp. 3d 144, 149 (D. Mass. 2025) ("This case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in *Zadvydas*. This case is about ICE's authority to re-detain [Petitioner] after he was issued a final order of removal, detained, and subsequently released on an OSUP. The DHS regulation, 8 C.F.R. § 241.13(i), applies to non-citizens in Petitioner's situation."); *Zavvar v. Scott*, No. 25-2104-TDC, 2025 WL 2592543, at *4 (D. Md. Sept. 8, 2025) (same); *Nguyen v. Bondi*, No. EP-25-CV-323-KC, 2025 WL 3120516, at *4 (W.D. Tex. Nov. 7, 2025) (same); *Trejo v. Warden of ERO El Paso E. Mont.*, 25- cv-401, 2025 WL 2992187, at *6-7 (W.D. Tex. Oct. 24, 2025) (same).

framework under which to consider Bashir A. O.'s claims. And pursuant to that review, the Court recommends granting his Petition.

## I.    INADEQUATE NOTICE AND OPPORTUNITY TO BE HEARD.

Petitioner contends that his detention is unlawful because Respondents failed to provide notice pursuant to 8 C.F.R. § 241.13(i)(3). Respondents, for their part, assert their compliance with agency regulation but provide no details on how they did so. They also argue that the Petitioner's Due Process rights are satisfied "as [Bashir A. O.] received an order or removal and a withholding of removal, as his order of supervision (OSUP) and was given an opportunity to respond." (Doc. 5 at 2.) While not entirely clear, it seems Respondents may be arguing that Petitioner has no forward-looking rights to challenge their detention or removal because of some orders issued years ago. That is incorrect. Title 8 C.F.R. § 241.13(i)(3) protects the essential Due Process rights of notice and an opportunity to be heard, and, based on the record before the Court, those rights were violated here.

## A.    Notice.

The implementing regulations at 8 C.F.R. § 241.13(i)(3) require that when a noncitizen is notified of a release revocation, that notification must include the reasons for the revocation. 8 C.F.R. § 241.13(i)(3). Interpreting this provision, courts have held that those reasons must be individualized; boilerplate, generalized recitations are insufficient. *See Roble v. Bondi*, 803 F. Supp. 3d 766, 771 (D. Minn. 2025) (recommending habeas relief where ICE merely "parrot[ed]" the regulatory text and gave no reasons explaining the change in circumstances); *Sarail A.*, 803 F. Supp. 3d at 780 ("Simply to say that

7

circumstances had changed or there was a significant likelihood of removal in the foreseeable future is not enough. Petitioner must be told *what* circumstances had changed or *why* there was now a significant likelihood of removal in order to meaningfully respond to the reasons and submit evidence in opposition.").

The record before the Court shows that ICE failed to adequately notify Bashir A. O. of the reasons for his re-detention. To the extent Respondents argue that the immigration orders provided to Bashir A.O. in 2004 and 2005 satisfy Petitioner's Due Process rights relevant to his 2025 re-detention, the Court disagrees. Neither the order for removal and withholding of removal, nor the order of supervision, constitutes the notification as described under § 241.13(i)(3). And Respondents otherwise fail to describe the reasons underlying the revocation of Bashir A. O.'s release. (*See generally* Doc. 5.) They also failed to include a copy of the Notice of Revocation of Release allegedly provided to Bashir A. O. as an exhibit. (*See generally* docket.) So not only did Respondents fail to provide specific reasons explaining the revocation of Petitioner's release, but they have provided this Court with no record evidence that such notification even exists.

As a result, the Court finds that Respondents failed to apprise Bashir A. O. of the specific reasons for the revocation of his release in violation of 8 C.F.R. § 241.13(i)(3).

## B.      Interview.

"The fundamental requirement of Due Process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal citations omitted). For noncitizens subject to re-detention, this fundamental right is secured by the informal interview requirement under 8 C.F.R. §

8

241.13(i)(3). The interview requirement applies no matter the basis of revocation: violation of supervised release or a changed circumstances finding. *Sarail A.*, 803 F. Supp. 3d at 789. Again, though Respondents claim compliance with the regulations, they provide no evidence or argument establishing that compliance to the Court. They are silent as to whether ICE provided Petitioner with the opportunity to interview promptly after detainment. (*See generally* Docs. 5, 6.) And again, the immigration orders provided to Petitioner more than twenty years ago do not satisfy his Due Process right to be heard in 2025. Accordingly, based on the record before it, the Court finds that Bashir A. O. was afforded no opportunity to contest the revocation of his release through an informal interview as was his right under 8 C.F.R. § 241.13(i)(3).

Overall, the record shows that ICE failed to follow its applicable revocation procedures when it did not provide Petitioner notice of the revocation of his release, and when it deprived him of an informal interview. ICE therefore not only violated federal law, but Bashir A. O.'s Fifth Amendment Due Process rights as well. For these reasons, the Court recommends that Petitioner Bashir A. O.'s Petition (Doc. 1) be granted.

## II.    IMPROPER GROUNDS FOR REVOCATION.

Although ICE's failure to follow revocation procedures alone warrants Bashir A. O.'s release, the Court also finds—on this record—that ICE lacked adequate grounds for revocation of the release in the first place. This is an alternative basis for Petitioner's release.

The implementing regulations at 8 C.F.R. § 241.13(i)(2) instruct that supervised release of a noncitizen subject to a final order for removal may be revoked in two

circumstances: where there is a violation of supervised release or, "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be remove in the reasonably foreseeable future." 8. C.F.R. § 241.13(i)(2). "Absent specific statutory or regulatory language on the allocation of burden of proof. . . the Court is guided by the 'default' rule that the burden falls on the party who 'generally seeks to change the present state of affairs and who therefore naturally should be expected to bear the risk of failure of proof or persuasion.'" *Roble*, 803 F. Supp. 3d at 773 (internal citations omitted). This is true even though it remains the Petitioner's ultimate burden to prove entitlement to habeas relief. *Id*. Here, the Court finds that the Respondents have not met their burden to show either a violation of the terms of release, or a changed circumstances finding regarding Bashir A. O.'s removability.

**A.     No violations of conditions of release.**

First, the Court finds that Respondents have not established that Bashir A. O. violated the conditions of his supervised release. In fact, Respondents never allege that Bashir A. O. violated the conditions of his release. Nor do Respondents include the Notice of Revocation which, as discussed above, might very well outline the specific reasons for revocation. But the Court cannot make a finding where no evidence supports it. Because Respondents have not met their burden to show that Bashir A. O. violated the conditions of his release, the Court finds that ICE lacked sufficient grounds under § 241.13(i)(1) to justify Bashir A. O.'s re-detention.

**B.      No finding of changed circumstances upon revocation.**

10

The second basis that may justify re-detention is a finding of changed circumstances showing that there is a "significant likelihood that [] [Bashir A. O.] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Bashir A. O. argues that his removal is not reasonably foreseeable because Respondents have produced no evidence demonstrating its efforts to obtain travel documents or otherwise effectuate third-country removal of Bashir A. O. from the United States. (Doc. 1 ¶ 62.) While Respondents do not address the changed circumstances finding under § 241.13(i)(2), they do argue that Bashir A. O.'s removal is significantly likely in the reasonably foreseeable future under *Zadvydas*. Again, it is the Respondents' burden to establish changed circumstances that make removal significantly likely in the reasonably foreseeable future. *See Roble*, 803 F. Supp. 3d at 772. Here, the Court finds that the Respondents have not met that burden.

Absent supporting evidence, bare assertions of the government's plans to remove a noncitizen are insufficient to demonstrate changed circumstances under § 241.13(i)(2). *Roble*, 803 F. Supp. 3d at 773 (ICE's request for third-country removal assistance from ERO HQ alone "falls woefully short" to prove changed circumstances); *see also Carlos F. v. Bondi*, No. 26-cv-0469 (SRN/EMB), 2026 WL 699655, at *7 (D. Minn. Mar. 12, 2026) (Respondents' assertion that they would pursue "third country removal efforts" insufficient to show changed circumstances); *Raciel Z.P. v. Noem*, No. 26-cv-0249 (KMM/SGE), 2026 WL 568266, at *5 (D. Minn. Feb. 13, 2026), *R&R adopted* No. 26-cv-249 (KMM/SGE), 2026 WL 564251 (D. Minn. Feb. 27, 2026) (government's assertion that they would "nominate" Petitioner's case for third-country removal insufficient to show changed circumstances); *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4

11

(E.D. Cal. July 16, 2025) (government's assertion that ICE intended to apply for travel document failed to show changed circumstances).

In this case, Respondents' showing of changed circumstances regarding Petitioner's removability also fall short. Respondents contend that Petitioner's removal is "practically attainable, and faces only a temporary and routine impediment – namely securing travel document [sic]." (Doc. 5 at 7.) Respondents also aver that they are "currently working with ERO Head Quarters on third-country removal from the United States" in Bashir A. O.'s case. (Doc. 6 ¶ 9.) The Court finds no other support in the record for the government's efforts to remove Petitioner. As in *Roble*, in *Carlos F.*, and other cases, Respondents muster only the barest assertion of changed circumstances regarding Bashir A. O.'s removability. This Court cannot conjure evidence that Respondents have failed to present. Bashir A. O.'s re-detention is not justified on this record under 8 C.F.R. § 241.13(i)(2).

## III.   REMEDY.

Respondents assert that even if Bashir A. O.'s claims were meritorious, there is a "mismatch" between his procedural claims and the habeas remedy he seeks. (Doc. 5 at 2.) This is inaccurate. When the government fails to follow its own regulations, the resulting detention is unlawful, and release is the appropriate remedy. *Vang*, 2026 WL 458195, at *2 ("The government's failure to follow the regulations set forth in § 241.13 indicates an unlawful detention."); *Tou T. v. Noem, et al*, No. 26-cv-1670 (PJS/LIB), 2026 WL 712816, at *4 (D. Minn. March 11, 2026); *see also Rokhfirooz v. Larose*, 804 F. Supp. 3d 1095, 1099 (S.D. Cal. 2025) ("Courts have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must

be ordered."); *Faysal N. v. Noem*, No. 25-cv-4641 (JMB/DLM), 2026 WL 36066, at *5 (D. Minn. Jan. 6, 2026) (detention is unlawful where "ICE did not comply with its own regulations under section 241.13(i)(2)."); *Phongsavanh v. Williams*, No. 25-cv-426 (SMR/SJB), 2025 WL 3124032, at *5 (S.D. Iowa Nov. 7, 2025) (same); *accord Zhu v. Genalo,* 798 F. Supp. 3d 400, 414 (S.D.N.Y. 2025) (detention is unlawful where ICE failed to follow procedures in § 241.4). Finally, violations of the immigration regulations in these circumstances also violate the Due Process Clause of the Fifth Amendment. *Tou T.*, 2026 WL 712816, at *4 (when "ICE re-detains a noncitizen and fails to comply with applicable revocation procedures, it violates the Due Process rights to which noncitizens are entitled.").

In detaining Bashir A. O., Respondents violated both their own binding regulations and the Fifth Amendment Due Process rights to which Bashir A. O. is entitled. Petitioner's detainment is unlawful, and release is the appropriate remedy.

## IV.   NO EVIDENTIARY HEARING IS REQUIRED.

An evidentiary hearing is appropriate only when material facts are in dispute. *Ruiz v. Norris*, 71 F.3d 1404, 1406 (8th Cir. 1995). An evidentiary hearing is not required when a conclusion can be reached on the issue with the undisputed facts. *United States v. Winters*, 411 F.3d 967, 973 (8th Cir. 2005). This matter can be resolved based on the existing record, and thus the Court finds no evidentiary hearing is necessary.

## V.   OBJECTIONS.

Given the expedited nature of these proceedings, the Court exercises its discretion to alter the standard timelines for Respondents to file objections to this Report and

Recommendation. *See* L.R. 72.2(b)(1) ("A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, unless the court sets a different deadline.") (emphasis added). Respondents must file any objection to this Report and Recommendation on or before **May 26, 2026**. Bashir A. O. may file a response to any objections on or before **May 29, 2026**. *See* L.R. 72.2(b)(2).

## RECOMMENDATION

Accordingly, based on all the files, records, and proceedings in this case, **IT IS RECOMMENDED** that:

1.   Petitioner Bashir A. O.'s Petition for Writ of Habeas Corpus (Doc. 1) be **GRANTED**; and;

2.   Respondents be ordered to release Petitioner Bashir. O from custody

   a.  Immediately;

   b.  Inside the State of Minnesota;

   c.  With advance notice to counsel;

   d.  And with all of Petitioner's personal effects in Respondents' possession or control, including, but not limited to, Bashir A. O.'s driver's license, immigration paperwork and any and all other documents, cell phone, keys, clothing, personal effects.

Date: May 20, 2026

*s/Douglas L. Micko*
DOUGLAS L. MICKO
United States Magistrate Judge

14